Case No. 6720264 Insurance Company, Appellant by Robert Chemers v. American Illinois Company, Daniel Silva, Iowa Mutual Insurance Company, Appellees by Thomas Wilson, and Century Enterprises, Appellee by Stephen Breedbeck. Please proceed. May it please the court, counsel, for the plaintiff appellant, Robert Chemers, this is an appeal, your honors, from Peoria County. I think we can dispose of the jurisdictional question that's been raised by each of the five intervenors in this appeal, and that would be that Rule 304-B-3 is the premise for jurisdiction in this court, because the trial judge granted relief under a 214-01 petition. Century, and you'll hear from their lawyer, argued in its petition to vacate, and its amended petition to vacate, paragraph 12 of each one, at C-240 or C-498 of the record. Now, quote, a void order, such as a judgment entered without a necessary party, is properly attacked through a 214-01 petition, citing Pekin Insurance v. Rata Development. Where a void judgment order is attacked pursuant to a section 214-01 petition, a showing of a meritorious defense is not required, citing Pekin Insurance v. Rata Development. It is generally accepted a court lacks jurisdiction to enter an order of judgment which affects a right or interest of someone not before the court, citing Pekin Insurance v. Rata Development. That being said, there were five petitions filed by five strangers to these insurance policies in the circuit court, oddly enough, one year ago today, April 3, 2017. The trial judge, after lengthy oral argument by the lawyers for these parties, these claimants, granted the relief sought, vacated the judgment of February 14, 2007, and allowed each of those claimants to intervene. In this case, all the original petitions to vacate the consent judgment and to allow the intervention were filed within the initial 30-day period after the consent judgment had been entered, correct? That's correct. 214-01 can be brought at any time with respect to a void judgment without even a showing of a meritorious defense or due diligence. It was recognized by the first district in Pekin v. Rata, which we cited. Now you recite, but on which one of the moving interveners relied, saying it is the proper vehicle to attack a judgment as void whenever it was entered. So we would submit that since one of the five relied upon 214-01, and the trial judge didn't say the basis for his ruling if it was under 213-01E or 214-01, it certainly wasn't under 212-03 because there was no party seeking to vacate a judgment in a non-jury case. You want to address some of the jurisdiction issues? That would be a good point. Well, 212-03 applies in a non-jury case to vacate a judgment, but the motion must be brought by a party. No party moved to vacate the judgment. The parties to the judgment were happy with it. Not one of them complained about it. Not one of them sought to have it vacated. In fact, as a result of that judgment, which is quite clear, entered on February 14, 2017, the policies were rescinded voluntarily by agreement and the premium was returned. So even if the judgment is vacated, on the records of the court, the judgment is no longer there. But as between the contracting parties, the former insured has been paid all of the premiums that he paid Pekin Insurance. The policies are surrendered as rescinded voluntarily, and there are admitted material misrepresentations made in the application and questionnaires recited in the judgment order. Now, to vacate that, strangers come forward saying that judgment is void because we weren't a party to it. Certain of the five that I'm dealing with in this case took the position that what we regard as a less than intellectually honest argument, it's almost a straw man, is that Pekin somehow had a choice to call this a complaint for declaratory judgment. And then we know clearly the law requires the joiner of a claimant as a nominal but necessary party, in whose absence complete relief can't be given, but that we called it rescission instead, ran to the courthouse and filed a suit. Well, we call that a complaint for rescission because that's what it is. We don't seek declaratory relief. They point to the decision of the Illinois Supreme Court in ISPA Mutual versus Tuzolino and Trapanis saying, wait a minute, ISPA in that case joined the claimant. Well, sure we did. I represented the carrier in that case. We joined the claimant because it was a two-count complaint. Count two is for declaratory judgment. The Supreme Court notes that. The appellate court noted that. Now, we suggest the court look at 213-01-122660, paragraph 11, where the first district pointed out it was a two-count complaint. That explains the presence of the claimant. That being said here, they argued 213-01-E was the proper vehicle, and a grant of a 213-01-E motion to vacate the February 14th judgment is not appealable. I don't know what they did. They moved to clarify last summer that we had to come forward with clarification of the basis for jurisdiction. Well, that motion was denied by this court on July 17th of last year, and the court said the parties are to discuss jurisdiction and related issues in their briefs, which we did. 213-01 applies to default judgments. A panel of this court so held. We cited that case, PNC Bank v. Cryer, paragraph 35. Justice Carter knew we were on that panel, and Justice Wright wrote the opinion. She's not on this panel. If that case is wrong, then it's an outlier, but that case is a third district case that says. 213-01 applies to default judgments. It didn't apply to that case because there was no default judgment. They cite other cases that say 213-01 applies to any judgment as long as the motion is brought within 30 days. So does 214-01, and we cite the more specific case. We know that between general and specific, you follow the specific. The specific law is 214-01 is the proper vehicle to attack a judgment as void whenever entered. Pekin Insurance v. Rada Development is a recent iteration of that principle. Not just a recent iteration of the principle, but the case on which Century relied in its 214-01 petition. That being said, if relief was granted under 214-01, and all the trial court said is granting all the motions. They're all granted. He didn't specify between 213-01 or 214-01. But since he granted all of the relief in all of the motions, it's clear that he also granted the 214-01 relief sought by Century. And Century relied on 214-01. It relied on Pekin v. Rada. And if that is correct, then Rule 304-B3 is the jurisdictional predicate in this court. Who filed a motion under that 304-B, Century? Century. Century. Century was under 214-01. And the specific assertion of 214-01 relief is paragraphs 12, 13, and 14 of their original petition. And their amended petition, which if I understand it correctly, and Mr. Rayfolk can explain it. I think the amended petition nearly changed the name of the party from Mid-Century to Century Enterprise. That said, the plaintiff is convinced this court has jurisdiction. The plaintiff is also convinced that the trial court erred in vacating the judgment that had been entered. It was a consent judgment. It was not a default judgment. Parties entered it knowingly and voluntarily. And there was no basis to vacate it because with respect to the next prong of this appeal, 2408 intervention, these claimants did not have standing. To have standing to intervene is more than just saying, I want to be a part of that. I've got a room full of them. I want to be a part of that case. Well, you have to have a present substantial right. What these claimants are, under the decision of our Supreme Court in Olson v. Etheridge, is they are incidental beneficiaries. They're not intended beneficiaries. Nobody in Canton, Illinois, went about their business on November 16, 2016, before this explosion, thinking it's okay. There's probably insurance with whoever's doing the directional boring somewhere in downtown Canton. That's silly. These are general liability policies of insurance. They're issued by an insurance company to an insured, and there is nothing about that policy which would confer a right on a stranger. That is what they are saying. Why are they there in the same position as the claimants in a declaratory judgment action? Well, and they've said a lot of cases. In fact, there are five interveners. There are five appellees. There are four appellee briefs. And between them, they cite 113 cases and statutes and authorities. Yet not one case, not one case which they cite, not one case we could find allowed interveners into a rescission suit which did not involve legislatively mandated insurance. In other words, auto coverage. They cite a slew of cases from the 50s and from the 60s involving declaratory judgment suits where a carrier called a declaratory judgment but sought rescission. They're not the same thing. The Supreme Court, who's a liminal interpinus, made it very clear they're not the same thing. The Supreme Court pointed out that Section 154 is the statutory remedy for rescission. It sets forth a two-pronged test. We don't have to get into the test. And also specifically how there's no tension between Section 154 and Illinois public policy. They agreed with the insurer in that case that Section 154 establishes the public policy on the issue of policy rescission, as long as the relevant requirements are met. And the Court recognized issues of insurance coverage are governed by common law rules concerning interpretation of policy are, quote, significantly different, close quote, from the question of whether an insurance policy should be enforced in the first place, as that issue is governed by statute. The Supreme Court, in two's a liminal interpinus, entered a judgment basically tossing what the first district said was the innocent insured rule applied to rescission. And the Supreme Court said, no, you can't engraft a common law policy interpretation rule on a statutory remedy. And some might think their remedy was harsh because it was a two-man law firm. One guy was a liar, cheater, and a crook, and he's the one who signed the renewal application, and he lied. And yet the Court held that is a basis for rescinding the policy, even if there is an innocent insured. And, of course, the discussion during our alignment, what about a law firm with 200 lawyers or 1,000 lawyers? Well, the decision of the Supreme Court in that case would apply no matter what the size of the law firm is. And yet we have a situation. They didn't recognize that there was anything special about the insurance that was issued there because it was to a lawyer or a law firm. Whereas the first district in Central Mutual v. Tracy, a case we think is close to this case, held that the special rules of auto insurance coverage, or as they put it, mandated insurance. And they talked about insurance that might be issued to physicians or lawyers. It does not have the same public interest as auto coverage does. The policies that don't have that, don't have that interest such that the third-party beneficiary, the incidental beneficiary, would need to be consulted to change. There, it was a voluntary reformation of part of a policy by a buyout arrangement, which the first district held was fine without the claimant as a party. What they had was they had to reverse the summary judgment because the agreement wasn't in the record. We have a situation here where not one single Illinois court has allowed the intervention that was sought and allowed in this case in a non-auto insurance setting. There is no case that is recognized, unless this court writes that opinion, that says a claimant is a necessary party to the rescission of a general liability policy. And if this court writes that, it will do violence with the third-party beneficiary vesting rule announced by the Supreme Court because there is nothing about these policies that would confer a right on a stranger. And for those reasons, we ask the court to reverse whatever time I have left, if any, I will use for rebuttal against whatever comes up next. Thank you, Your Honor. Counsel. Good afternoon. May it please the Court. My name is Tom Wilson on behalf of Ameren Illinois Company. Counsel. The five appellees in this case have filed four briefs. Three of them are very extensive and full briefs. And so I'm only going to touch on three issues. One is jurisdiction, which the appellees in this case do not believe this court has appellate jurisdiction. Now, it's very clear that there's agreement on a couple of points between myself and my colleague, Mr. Schimmers. There was no final judgment entered after the order was vacated by Judge Mack. And all five of the motions that were filed in this case were filed within the 30 days. It's our position that a judgment entered in the absence of a necessary party is void. And a void judgment can be attacked either directly under 1301 or collaterally under 1401, or even by the court sua sponte if the court learns that a judgment it has entered is void. Now, the Haley case, which we cited from the Supreme Court, makes it clear that when you're dealing with post-judgment motions, the court is to look at what's the substance of the motion as opposed to what the label is that the parties put on it. In that case, it was a situation where the party first brought a 1301 motion and was told, well, that's wrong. And then they captured it as a 1401 petition. And it turned out that there had not been a final judgment at all entered. So really what they were seeking to do was vacate the judgment or vacate an order based under 1301. The court said, you have to look at the substance. In this case, all five of the appellees brought motions within the 30 days. And it's very clear that 1301 applies from final judgment February 14th for 30 days. And then by the language of 1401, after 30 days, relief can be sought under 1401. The court in this case could not have granted 1401 relief because it never got to that 30 days. Therefore, there's no jurisdiction in this court. It would ask that you dismiss on that basis. As to the merits of the appeal, should the court find jurisdiction, there are two points that I think are very clear. This was all filed within 30 days? It was, Your Honor, yes. One, under Section 154 of the Insurance Code, which sets out the standard for rescinding coverage, either based on an intentional misrepresentation or a material misrepresentation, that section of the code doesn't say how the insurance company should caption its complaint seeking that relief. It doesn't say you have to call this a complaint for rescission or you have to call this a complaint for a declaratory judgment. And the cases use the terms interchangeably. The case that Mr. Schemer cited from ISPA Mutual where there were two counts, one was rescission, one was declaratory judgment. The Golden Rule case from the Supreme Court called it a declaratory judgment, but based on misrepresentations under 154. The First District case that we cited, AYALA, again called it a declaratory judgment, but based on failure to disclose information that was material to the risk. Whether or not injured claimants from the policyholder's negligence need to have a seat at the table to pursue their interests cannot depend on what label the insurance company chooses to put on its complaint. There is no case that has been cited by any of the parties in this case, including Pekin, in which a court has held that injured tort claimants who give notice to the insurance company do not have to be joined as defendants if the insurance company chooses to call its complaint one for rescission versus one for declaratory judgment. The cases are legion and we cited them. As Mr. Schemers pointed out, scores of them which stand for the proposition that the beneficiary of a liability insurance policy is an injured person who has a right under the policy which vested the time of the occurrence and that the injured person must be given the opportunity to litigate the question of coverage under the liability insurance policy. And that's from the Reader case, which was a general liability policy. It wasn't an auto policy. What the courts in Illinois said more than 50 years ago in the Sobin case, which was an auto case, is that how the insurance company chooses to caption the complaint, that is rescission versus declaratory judgment, is a distinction without merit. In this case, what happened was Pekin Insurance Company sold $2 million of coverage to SureShot. SureShot negligently damaged an Ameren gas line causing an explosion which killed one of the Ameren employees, injured the other three, injured civilians below an adjoining building, and injured over 80 other businesses and properties in downtown Canton, Illinois. Then Pekin, knowing about multiple claims that it had been put on notice of, went to court, entered into a consent judgment after naming only its policyholder to rescind coverage, give the money back to SureShot, and then tell all of the claimants, you don't get to litigate the question of coverage. There's not a single case in Illinois that supports Pekin's attempt in this case to void coverage from its insurer without naming the injured tort claimant. And if you think about the public policy, this is the poster child of a case as to why it is that the injured claimants have to be given a seat at the table and be allowed to litigate the question of coverage. What Pekin dealt with in this case was a single-member LLC, which is essentially impecunious, no assets whatsoever, and after causing literally millions of dollars of injury to people in Canton, Illinois, suggests that the tort claimants don't have the right to litigate the question of coverage. We would ask the court to dismiss for lack of jurisdiction, and if you find that there is jurisdiction, we would ask that you affirm Judge Mack's decision to allow us to intervene to vacate the February 14th judgment and to have this matter heard on the merits, which the decision was manifestly correct. And I will yield any time I have remaining to my colleague if there are no questions. Theoretically, this could have been a 1203 motion or a 1301 motion. I don't believe it could be a 1203 motion because there was no trial. It was clearly a 1301 motion because there had been a final judgment on February 14th, but our motions to set aside and alter and amend that judgment were filed within the 30 days. And that wouldn't be a final or appealable order. The grant of the 1301 is not a final or appealable order, correct, and therefore there's no jurisdiction in this court. Because those motions are never final or appealable. Correct. We'll have to go back and litigate the merits. Counsel. May it please the Court. Stephen Rehfeldt for Century Enterprises, Inc. What's your position on the jurisdiction? There is no jurisdiction in this court, Your Honor. We adopted in our brief all of the arguments that Mr. Wilson just presented to you and all of the arguments that he set forth in his brief. Stole would be better than adopted, I guess. We really took his page by page. The way I view the jurisdiction issue is broken down into two parts. The first part is, does the court have jurisdiction to review the trial court's granting of the petition for relief to intervene to begin with? Because it's only once we were in that we can attack the February 14th judgment order. Well, the petition for relief to intervene wasn't brought under 1301 or 1401. It was brought under 2408. I searched for cases reviewing a trial court's granting of a petition to intervene under 2408. Could not find any reported cases. I presume because that's not a final order. I did find a case reviewing the trial court's denial of a petition for relief to intervene under 2408. The appellate court in discussing jurisdiction in that case held that it had jurisdiction under 304A, Illinois Supreme Court Rule 304A, because the trial court had specifically found that there was no just reason to delay enforcement or appeal from that order. There's no 304A language here. No one ever asked for that. And I presume with – I don't think it's appealable at all, the order granting us relief to intervene. But if it is appeal, I would presume – if it is subject to appeal, I would presume it's subject to appeal under 304A, just like the order denying the petition for relief to appeal was going to help to be subject to appeal under that rule. And you have no findings here? You have no findings? There's no finding.  So this court, in my view, absolutely has no jurisdiction to review the granting of the petition for relief to intervene. So that brings us to the second part of the issue, and that is does this court have jurisdiction to review the trial court's vacation of its February 14th judgment order? And the issue there is, were our petitions – was the trial court granting relief to the interveners under 214.01 or under 213.01? In the plaintiff's brief, the plaintiff argued that the 213.01 could not apply here, because of the fact that it only applied to vacations of orders of default and not to vacations of final orders. But that is not the case. Let me just read briefly the section from 213.01E that's relevant here. It says, The court may, on motion filed within 30 days after entry thereof, set aside any final order or judgment upon any terms and conditions that shall be reasonable. To me, that's pretty clear. If you're filing a petition attacking a final order and it's done within 30 days of the entry of that order, you're looking at a petition brought under 213.01. If you're coming in more than 30 days after the entry of the order, you're coming in under 214.01. Everyone in this case filed their petitions within 30 days of the entry of the order. So the fact that the trial court didn't specifically state that it was granting motions pursuant to the power vested in it under 213.01 doesn't mean it wasn't using 213.01. It had to be using 213.01 because it was dealing with a petition to vacate an order that was filed within 30 days of the entry of the order. And that pretty much is the size of it as far as the telejurisdiction issue goes. Well, who argued 214.01? We did. I didn't personally. I don't know why the trial attorney used both sections. I suppose just try to cover all bases. I don't know. When I went through 214.01 language and 213.01 language, there's a demarcation line. If you're filing more than 30 days after the judgment's entered, you're 214.01. If you're filing within 30 days, you're 213.01, and that's just the line. And there's no doubt that everybody here filed within the 30 days, and everybody but us relied only on 213.01. So the trial court couldn't have been granting 214.01 relief to anybody else because nobody else requested it. So you're a mea culpa. We were a little too broad in our pleading, I'll say that. And we were wrong. 214.01 doesn't apply. There's just a look at the line. The rule was the petition filed. It wasn't filed within 30 days. 213.01 says that's the rule we use. It's filed after 30 days. It's 214.01. So you abandoned that part of your trial argument? We abandoned it before we got here. We had adopted Mr. Wilson's pleadings in the trial court as well as in our appellate brief. So when the case was argued to the trial court, it wasn't argued on 214.01 grounds. Time's up? Thank you. I'm a little confused. Usually lawyers come up and they argue things that they didn't argue in the trial court. They don't come up and argue and say, I'm not arguing something that was in the trial court. I abandoned it. Well, I suggested to the court that the pleading filed by Mr. Rayfeld's client and someone from his law firm at C240 and C498 of the record, not just cited it, but put it in bold face. An order entered without a necessary party is void. Citing then Egan Insurance versus RADA. Then their next paragraph is that type of an order is properly attacked through a section 214.01 petition. That's what they relied on. Not anymore. Well, they relied on it in the trial court, and because it was relied on in the trial court, the trial court granted all the relief that was requested. There is no finding required. Relief under 214.01 is automatically appealable. In fact, the denial of 214.01 is automatically appealable without a finding. Rule 304.B.3. That is the predicate for jurisdiction in this court. 213.01. Again, Mr. Wilson cited Haley. Haley was a case where a defaulted party moved to vacate a default judgment. That's what 213.01 applies to. According to a panel of this court at 15 Mill at 3rd 140639, written by Justice Wright, joined in by Your Honor Justice Carter and Justice Litton, Crier was present throughout the proceedings. The court did not enter a default against him. We conclude section 213.01 has no application. Because they first noted that 213.01 deals with default judgments entered against the party. There was a party. There was no default. 213.01 doesn't apply. Unless that's an outlier, that is the law of this district. Peoria County is in this district. 213.01 wouldn't apply. 214.01 relief was granted. And it's not a matter of what we chose to call a complaint. We did not seek a finding of no coverage based on an exclusion, a term, a limitation, a condition, or a definition, which is declaratory judgment. We sought a finding that the policy should never have seen the light of day because of material misrepresentations under section 154. It's called a complaint for rescission because that's what it is. That's what it sought. Unlike other cases, which sought rescission and other reliefs, such as my complaint for ISBM Mutual in the Supreme Court case, the other cases talking about necessary parties, if Your Honors look at those cases, every one of them, every one, going back to the Dennis case of 1950 or 1960, are auto cases. The courts have held auto policies are clothed with a different type of public policy than in other types of insurance, that the members of the public are considered beneficiaries of the policy who have rights under the policy. In fact, the Gosper v. Nomorowski court, the first district, held the policies bought for the benefit of the public. No court has ever held that with respect to a general liability policy. They're different policies, which is why the first district in Tracy's Treasures held there was no requirement to join or involve the claimant with respect to the policy reformation that was sought in that case. In that case, thank you, the court discussed and distinguished the auto cases and other insurance, and it followed Olson v. Etheridge, which we ask this court to do if it gets past the jurisdictional hurdle. And it will find that in the absence of language in the contract, making the rights of a third-party beneficiary irrevocable, the parties to the contract retain the right to modify or rescind the contract without the participation, consent, assent, or knowledge of the claimant. That's what the first district held in the closest case we could bring or anyone brought to this court, Central Mutual v. Tracy Treasures, distinguishes the auto cases that all of the appellees rely on, and we suggest correctly distinguish them. Again, we've asked this court to reverse.  Thank you, counsel. Thank you. Thank you, Your Honor. The court will take this case under advisement and render decision in the near future.